Sheehan & Associates, P.C.
Spencer Sheehan
60 Cuttermill Rd Ste 409
Great Neck, NY 11021-3104
Telephone: (516) 268-7080
spencer@spencersheehan.com

United States District Court
Southern District of New York                                  7:21-cv-00186

Carmen Nieves, individually and on behalf
of all others similarly situated,

                Plaintiff,

        - against -                                                      Class Action Complaint

The Procter & Gamble Company,

                Defendant

Plaintiff alleges upon information and belief, except for allegations pertaining to plaintiff, which are based on personal knowledge:

1. The Procter & Gamble Company ("defendant") manufactures, labels, markets and sells Gum & Enamel Repair toothpaste under the Crest brand ("Product").

2. The Product purports to repair gums and fight gingivitis, a form of gum disease caused by bacteria.

3. Certain types of bacteria create plaque, which can cause an infection in the area where the teeth meet the gums. Carmen Nieves One Procter & Gamble Plaza, Cincinnati, Ohio 45202

4. This causes gums to become inflamed and easily bleed during tooth brushing.

5. If left untreated, gingivitis can advance to periodontitis where the gum pulls away from the tooth to form spaces (called "pockets") that become infected.

6. Defendant's Gum & Enamel Repair toothpaste is also described with the statements "Fluoride Toothpaste for Anticavity and Antigingivitis," "Clinically Proven to Help Reverse Gingivitis," "Repairs Weakened Enamel" and "Intensive Clean."



7. The representation of "Gum & Enamel Repair" is false, deceptive and misleading because although the Product has indications for antigingivitis, this only means it can help "control, reduce or prevent gingivitis, early form of gum disease.'" Proposed Monograph, 21

2

C.F.R. Part 356 – Oral Health Care Drug Products For Over-The-Counter ("OTC") Human Use; 21 C.F.R. § 356.65 ("Labeling of antigingivitis/antiplaque drug products.").

8. Even the presence of stannous fluoride in the Product is only sufficient to permit a credible claim that it "helps interfere with harmful effects of plaque associated with gingivitis."

9. Though the statement of identity of the Product is "Fluoride Toothpaste for Anticavity and Antigingivitis," the most prominent statement is "Gum & Enamel Repair."

10. Though the word "Gum" does not directly precede "Repair," the phrase is written in a correct parallel structure, such that the most reasonable reading connects "Gum" and "Enamel" to "Repair."

11. Parallel structure is the rule that words or phrases in a series should be in the same form.

12. The words "Gum" and "Enamel" are the <u>words</u> in the series.

13. For the statement, "Gum & Enamel Repair," the form of the <u>words</u> are nouns, referring to parts of the mouth that are relevant to oral care.

14. Since both gums and enamel can be repaired, reasonable consumers – and especially the 3 out of 4 American adults with gingivitis – would naturally expect the Product to be capable of repairing gums.

15. However, receding gums do not grow back; once the gum tissue has pulled back and away from the teeth, it's gone for good.[1]

16. Notably, there is no FDA indication that any OTC oral care product can help to repair gums.

17. When gums recede, the roots of the teeth become exposed, making the teeth look

---

[1] Can Receding Gums Grow Back?, Colgate.com.

3

longer, which changes the way your smile looks.

18. To deal with these structural and cosmetic issues, the only option is cosmetic dental treatment.

19. Non-surgical options include gingival veneers, which are covers applied over the gum area.

20. Surgical options include soft tissue graft, with a flap of skin removed from the surrounding area and stitched to the gum tissue surrounding the exposed root.

21. Nevertheless, reasonable consumers cannot be expected to know that the Product will be unable to repair gums, which is why the FDA cautions against representations that are not specifically discussed in the proposed Monograph, since such statements would mislead consumers.

22. Defendant misrepresented the Product through affirmative statements and omissions.

23. Defendant sold more units of the Product and at higher prices than it would have in the absence of the misrepresentations and omissions, resulting in additional profits at the expense of consumers like plaintiff.

24. The value of the Product that plaintiff purchased and consumed was materially less than its value as represented by defendant.

25. Had plaintiff and class members known the truth, they would not have bought the Product or would have paid less for it.

26. The Product is sold for a price premium compared to other similar products, no less than $6.97 for 4.1 OZ, higher than it would otherwise be sold for absent the misleading representations.

Jurisdiction and Venue

27.   Jurisdiction is proper pursuant to Class Action Fairness Act of 2005 ("CAFA"). 28 U.S.C. § 1332(d)(2).

28.   Under CAFA, district courts have "original federal jurisdiction over class actions involving (1) an aggregate amount in controversy of at least $5,000,000; and (2) minimal diversity[.]" *Gold v. New York Life Ins. Co.*, 730 F.3d 137, 141 (2d Cir. 2013).

29.   Plaintiff Carmen Nieves is a citizen of New York.

30.   Defendant The Procter & Gamble Company is an Ohio corporation with a principal place of business in Cincinnati, Hamilton County, Ohio.

31.   Diversity exists because plaintiff Carmen Nieves and defendant are citizens of different states.

32.   Upon information and belief, sales of the Product and statutory and other monetary damages, exceed $5 million during the applicable statutes of limitations, exclusive of interest and costs.

33.   Venue is proper because a substantial part of the events or omissions giving rise to the claim occurred here – plaintiff's purchase of the Product.

34.   Venue is further supported because many class members reside in this District.

Parties

35.   Plaintiff Carmen Nieves is a citizen of Scarsdale, Westchester County, New York.

36.   Defendant The Procter & Gamble Company is a Ohio corporation with a principal place of business in Cincinnati, Ohio, Hamilton County.

37.   Defendant is one of the world's largest manufacturers of oral care products under the Crest brand.

38. The Gum & Enamel Repair Toothpaste is sold at retail and online stores of third-parties.

39. During the relevant statutes of limitations for each cause of action alleged, plaintiff purchased the Product within her district and/or State in reliance on its representations and omissions.

40. Plaintiff bought the Product at locations including Costco Wholesale Supermarket, 1 Stew Leonard Drive Yonkers NY 10710, between approximately December 4, 2020 and January 4, 2021.

41. Plaintiff bought the Product at or exceeding the above-referenced price because she liked the product for its intended use and relied upon its representations of gum repair, that it would have an effect on receding gums, in addition to its other representations about gingivitis.

42. Plaintiff would not have purchased the Product in the absence of Defendant's misrepresentations and omissions.

43. The Product was worth less than what Plaintiff paid for it and she would not have paid as much absent Defendant's false and misleading statements and omissions.

44. Plaintiff intends to, seeks to, and will purchase the Product again when she can do so with the assurance that Product's labeling is consistent with its composition.

## Class Allegations

45. The class will consist of all purchasers of the Product who reside in New York during the applicable statutes of limitations.

46. Plaintiff seeks class-wide injunctive relief based on Rule 23(b) in addition to a monetary relief class.

47. Common questions of law or fact predominate and include whether defendant's

representations were and are misleading and if plaintiff and class members are entitled to damages.

48. Plaintiff's claims and basis for relief are typical to other members because all were subjected to the same unfair and deceptive representations and actions.

49. Plaintiff is an adequate representative because her interests do not conflict with other members.

50. No individual inquiry is necessary since the focus is only on defendant's practices and the class is definable and ascertainable.

51. Individual actions would risk inconsistent results, be repetitive and are impractical to justify, as the claims are modest relative to the scope of the harm.

52. Plaintiff's counsel is competent and experienced in complex class action litigation and intends to protect class members' interests adequately and fairly.

53. Plaintiff seeks class-wide injunctive relief because the practices continue.

New York General Business Law ("GBL") §§ 349 & 350
(Consumer Protection Statutes)

54. Plaintiff incorporates by reference all preceding paragraphs.

55. Plaintiff and class members desired to purchase a product which could repair receding gums, and thought they were doing so because the label said "Gum & Enamel Repair."

56. Defendant's acts and omissions are not unique to the parties and have a broader impact on the public.

57. Defendant misrepresented the Product through its statements, comparisons, omissions, ambiguities and actions.

58. Plaintiff and class members would not have purchased the Product or paid as much if the true facts had been known, suffering damages.

### Negligent Misrepresentation

59. Plaintiff incorporates by reference all preceding paragraphs.

60. Defendant had a duty to truthfully represent the Product, which it breached.

61. This duty is based on defendant's position, holding itself out as having special knowledge and experience in the sale of the product type.

62. The representations took advantage of consumers' cognitive shortcuts made at the point-of-sale and their trust in defendant, a well-known and respected brand or entity in this sector.

63. Plaintiff and class members reasonably and justifiably relied on these negligent misrepresentations and omissions, which served to induce and did induce, the purchase of the Product.

64. Plaintiff and class members would not have purchased the Product or paid as much if the true facts had been known, suffering damages.

### Fraud

65. Plaintiff incorporates by reference all preceding paragraphs.

66. Defendant misrepresented the attributes and qualities of the Product.

67. Defendant's fraudulent intent is evinced by its failure to accurately disclose the issues described herein, when it knew not doing so would mislead consumers.

68. Plaintiff and class members would not have purchased the Product or paid as much if the true facts had been known, suffering damages.

### Unjust Enrichment

69. Plaintiff incorporates by reference all preceding paragraphs.

70. Defendant obtained benefits and monies because the Product was not as represented and expected, to the detriment and impoverishment of plaintiff and class members, who seek

restitution and disgorgement of inequitably obtained profits.

<u>Jury Demand and Prayer for Relief</u>

Plaintiff demands a jury trial on all issues.

**WHEREFORE**, Plaintiff prays for judgment:

1. Declaring this a proper class action, certifying plaintiff as representative and the undersigned as counsel for the class;

2. Entering preliminary and permanent injunctive relief by directing defendant to correct the challenged practices to comply with the law;

3. Injunctive relief to remove, correct and/or refrain from the challenged practices and representations, and restitution and disgorgement for members of the class pursuant to the applicable laws;

4. Awarding monetary damages, statutory damages pursuant to any statutory claims and interest pursuant to the common law and other statutory claims;

5. Awarding costs and expenses, including reasonable fees for plaintiff's attorneys and experts; and

6. Other and further relief as the Court deems just and proper.

Dated:   January 9, 2021

Respectfully submitted,

Sheehan & Associates, P.C.
/s/Spencer Sheehan
Spencer Sheehan
60 Cuttermill Rd Ste 409
Great Neck NY 11021-3104
Tel: (516) 268-7080
Fax: (516) 234-7800
spencer@spencersheehan.com
E.D.N.Y. # SS-8533
S.D.N.Y. # SS-2056

7:21-cv-00186
United States District Court
Southern District of New York

Carmen Nieves, individually and on behalf of all others similarly situated,

Plaintiff,

- against -

The Procter & Gamble Company,

Defendant

Class Action Complaint

```
Sheehan & Associates, P.C.
 60 Cuttermill Rd Ste 409
 Great Neck NY 11021-3104
    Tel: (516) 268-7080
    Fax: (516) 234-7800
```

Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information, and belief, formed after an inquiry reasonable under the circumstances, the contentions contained in the annexed documents are not frivolous.

Dated: January 9, 2021

/s/ Spencer Sheehan
Spencer Sheehan