The motion to consolidate is granted on consent. Nos. 21-CV-5646 and 21-CV-5648 are hereby consolidated for all purposes with No. 21-CV-186.

Case 7:21-cv-00186-CS   Document 25   Filed 08/12/21   Page 1 of 4

Sheehan & Asso[...]  SO ORDERED.  [...]termill Rd Ste 409, Great Neck NY 11021-3104
spencer@spence[...]                                  tel. (516) 268-7080     fax: (516) 234-7800

                                                                      August 6, 2021

District Judge C[...]
United States Di[...]    CATHY SEIBEL, U.S.D.J.    8/12/21
Southern Distric[...]
330 Quarropas St[...]
White Plains, NY 10601

                              Re:   7:21-cv-00186-CS
                                    Nieves v. The Procter & Gamble Company

Dear District Judge Seibel:

This office represents plaintiff Nieves. On June 28, 2021, two similar cases were transferred to this district. ECF Nos. 16-17 (presenting stipulations consenting to transfer cases filed by Wendy Keirsted and Liza Lichtinger).[1] Plaintiff Nieves seeks an Order consolidating the three actions.

**Consolidation is Proper due to Common Questions of Law and Fact.**  On June 30, 2020, the Lichtinger and Keirsted cases were transferred to this Court and assigned to Your Honor.  As noted in the requests for transfer that were filed in the original courts of Lichtinger and Keirsted, plaintiffs in those cases have agreed to consolidate their cases with this Action. Plaintiff respectfully submits that Lichtinger and Keirsted should be consolidated with this Action for all purposes because all the actions involve common questions of law and fact.  Fed. R. Civ. P. 42(a)(2) ("If actions before the court involve a common question of law or fact, the court may . . . consolidate the actions."); *Mitsubishi Logistics Americas Corp. v. Ocean Network Express Pte. Ltd.*, No. 1:20-CV-6319-GHW-RWL, 2021 WL 168492 (S.D.N.Y. Jan. 4, 2021) ("District courts enjoy substantial discretion in deciding whether and to what extent to consolidate cases.").

Namely, each case arises from Procter & Gamble's allegedly false, misleading, and deceptive marketing and selling of its Gum & Enamel Repair toothpaste (the "Product"). Considering the substantial and complete overlap between the cases, consolidating these related cases, the Action, Lichtinger, and Keirsted (collectively, "Related Cases") will improve efficiencies by eliminating the potential of inconsistent rulings and preventing the waste of valuable judicial resources, as well as the parties' resources.

**The Related Cases should be Consolidated for all Purposes.** Rule 42(a) states where, as here, actions before the court involve common questions of law or fact, "[t]he Court may . . . (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a); *see also Manual for Complex Litigation (Fourth)* § 11.631 ("Federal Rule of Civil Procedure 42(a) authorizes the judge to consolidate, for trial or pretrial, actions pending in the same court involving common questions of law or fact if it will avoid unnecessary cost or delay.").

This standard is mirrored in Rule 13(a)(1) of the Rules for the Division of Business Among District Judges – Southern District. Slight differences in causes of action or the putative classes do

---

[1] Keirsted v. The Procter & Gamble Company, 7:2021-cv-05648; Lichtinger v. The Procter & Gamble Company 7:2021-cv-05646.

not render consolidation inappropriate if the cases present sufficiently common questions of fact and law, and the differences do not outweigh the interest of judicial economy served by consolidation.  *See In re: Gen. Elec. Sec. Litig.*, No. 1:09-CV-1951-DLC, 2009 WL 2259502, at *1–3 (S.D.N.Y. July 29, 2009) ("Consolidation promotes judicial convenience and avoids unnecessary costs to the parties.").Here, the Related Actions share common questions of law or fact.

***First***, each case asserts consumer protection and/or common law claims against Procter & Gamble for marketing and selling the Product with the name "Gum & Enamel Repair."  The Related Actions allege substantially the same wrongdoing, namely that the gum repair representation on the Product is false, misleading, and deceptive because the Product is allegedly only able to fight gingivitis, not repair gums.  Accordingly, Rule 42(a)'s threshold requirement is met here because each case asserts the same allegations arising from the same operative facts against the same Defendant.  *See Mitsubishi Logistics Americas Corp.*, 2021 WL 168492, at *2 (common questions of fact and law existed where both cases involved the same event, actions of the same defendant and the defendant's liability for the same.)

***Second***, not only do the Related Cases share common questions of law and fact, but each case is still in the pleadings stage.  Defendant has not answered or otherwise responded to the complaints in the Related Cases,[2] and no formal discovery has been propounded.  Therefore, significant efficiencies will be gained by consolidation.  Courts must consider several factors to determine if "expedition and economy" are served, including:

> "whether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives."

*Johnson v. Celotex Corp.*, 899 F.2d 1281, 1285 (2d Cir. 1990).

Here, each factor weighs in favor of consolidation.  Where, as here, the Related Cases assert the same allegations arising from the same facts against the same Defendant and the parties are all early in the litigation process, there is no risk of prejudice or confusion with consolidation, but rather, there is a great risk of inconsistent rulings concerning the same issues.  *See Id*. at 82 (finding no prejudice when each case involves common questions of law or fact.)

***Third***, the burden on the parties, witnesses, and judicial resources is increased if these matters are not consolidated due to duplicative proceedings, such as discovery, motion practice, settlement negotiations, and eventually trial.  *See e.g., Ajacka v. Branick Industries, Inc.*, 1996 WL 103973 1, 2–3 (S.D.N.Y. March 11, 1996) (using judicial discretion to consolidate two product liability actions where both contained "common questions of law and fact regarding the defective design of the product, causation, knowledge, and adequacy of warnings" and any risk of prejudice was minimal or avoidable); *See, e.g., In re Gen. Elec. Sec. Litig.*, 2009 WL 2259502, at *3 (S.D.N.Y. July 29, 2009)

---

[2] In the *Lichtinger* case, the current deadline to state plaintiff's position is August 27, 2021. ECF No. 33. For the *Keirsted* case, defendant's deadline to respond or answer the complaint is August 16, 2021. ECF No. 28. When a consolidated complaint is filed, it is likely these dates will be changed on consent of the parties and this Court's approval.

(consolidating cases with "substantial overlap in the complaints" to avoid "wasting . . . the Court's time"); *Glavan v. Revolution Lighting Techs., Inc*., 2019 WL 3406582, at *2 (S.D.N.Y. July 29, 2019) (consolidating cases with identical claims because "[n]othing would be gained by litigating these cases separately, and indeed, taking such a course would be inefficient and would raise the risk of inconsistent outcomes"); *Kaplan v. Gelfond*, 240 F.R.D. 88, 91-92 (S.D.N.Y. 2007) (consolidating cases with overlapping questions of law and fact to prevent "needless expenditure of judicial resources".).  Here, not only do considerations of convenience and economy suggest that these two cases should be consolidated, but they demand it.

For the foregoing reasons, plaintiff respectfully requests that the Court permit Plaintiff Nieves to move for consolidation under Rule 42(a) or treat this letter as a motion for consolidation.

Respectfully submitted,

 /s/ Spencer Sheehan

Certificate of Service

I certify that on August 6, 2021, I served and/or transmitted the foregoing by the method below to the persons or entities indicated, at their last known address of record (blank where not applicable).

|  | CM/ECF | First-Class Mail | Email | Fax |
|---|---|---|---|---|
| Defendant's Counsel | ☒ | ☐ | ☐ | ☐ |
| Plaintiff's Counsel | ☒ | ☐ | ☐ | ☐ |
| Courtesy Copy to Court | ☐ | ☐ | ☐ | ☐ |

/s/ Spencer Sheehan

4